UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Defendant. | Case No. 23-cv-00065-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 20 |

Now before the Court for consideration is the motion to dismiss filed by Defendant Pacific Gas and Electric Company ("PGE"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS PGE's motion and will GRANT Plaintiff leave to amend as set forth in the remainder of this Order.

## BACKGROUND

Plaintiff Adrienne Thomas ("Ms. Thomas") worked for PGE from January 10, 2005 until January 5, 2022, when PGE terminated her employment. (First Amended Complaint ("FAC") ¶ 3.) Ms. Thomas worked as a Senior New Business Representative within a bargaining unit represented by Engineers and Scientists of California, Local 20 IFPTE, and was covered by a collective bargaining agreement ("CBA"). (*Id.* ¶¶ 3, 88-90; Dkt. No. 12-2, Declaration of Krystal Duval, ¶¶ 3-4, Ex. 1 (CBA).)[1]

Ms. Thomas alleges that while she was employed with PGE she made a number of complaints about how one of her supervisors treated her and also reported what she believed to be

---

[1] The Court considers the CBA solely to determine if any of Ms. Thomas' claims are preempted by the Labor Management Relations Act ("LMRA").

1

1  financial malfeasance by other PGE employees. She also alleges that she was bullied and harassed
2  by her supervisor and other PGE employees and that these employees retaliated against her after
3  she made complaints about this behavior. (*See* FAC ¶¶ 8-39.)
4  The Court will address additional allegations as necessary in the analysis.

## ANALYSIS

**A.    Applicable Legal Standard.**

PGE moves to dismiss each of Ms. Thomas's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). A court's inquiry under Rule 12(b)(6) "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The Court must construe a *pro se* plaintiff's complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (noting that "*pro se* pleadings are liberally construed, particularly where civil rights are involved"). There are limits, however, to the liberal interpretation of a *pro se* complaint. The court may not supply essential elements of a claim that are not included in the complaint. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Moreover, even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If the allegations are insufficient to state a claim, a court should grant leave to amend unless amendment would be futile. *See, e.g., Reddy v. Litton Indus. Inc.*, 912 F.3d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th

United States District Court
Northern District of California

Cir. 1990). A court should grant a *pro se* litigant leave to amend, "unless it is absolutely clear that the deficiencies could not be cured by amendment." *Ahktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Shucker v. Rockwood*, 809 F.2d 1446, 1448-49 (9th Cir. 1988)).

**B.     The Court Dismisses the Federal Claims with Leave to Amend, in Part.**

Ms. Thomas asserts two federal claims against PGE: (1) alleged violations of the Dodd-Frank Act ("Dodd Frank Claim"; and (2) alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII Claim").

**1.     The Court Dismisses the Dodd-Frank Claim Without Leave to Amend.**

Ms. Thomas alleges that when PGE terminated her for making the complaints described above, it violated Section 1057 of the Dodd-Frank Act. *See* 12 U.S.C. § 5567 ("Section 5567"). Section 5567(a) prohibits a "covered person or service provider" from terminating or discriminating against a "covered employee" who engages in certain protected activities. *Id.* § 5567(a)(1)-(4). A "'covered employee' means any individual performing tasks related to the offering or provision of a consumer financial product or service." *Id.* § 5567(b). A "'covered person' means -- any person that engages in offering or providing a consumer financial product or service[.]" *Id.* § 5481(6). The "term 'service provider' means any person that provides a material service to a covered person in connection with the offering or provision by such covered person of a consumer financial product or service[.]" *Id.* § 5481(26)(A). The definition of a "consumer financial product or service" includes "extending credit and servicing loans," and nine other categories of financial products or services, "provided for use by consumers primarily for personal, family, or household purposes[.]" *Id.* § 5481(5), (15).

Ms. Thomas fails to allege facts that show she was a covered employee, that PGE is a covered person or service provider and that it was engaged in offering or providing a "consumer financial product or service", as those terms are defined by the Dodd-Frank Act.[2] Accordingly, the Court GRANTS PGE's motion to dismiss the Dodd-Frank claim, and because it would be

---

[2] Although she states in her opposition that she sent an email to the Department of Labor on May 4, 2022, she does not include any information about what that email said and whether it would comport with the requirements of Section 5567(c). As such, Ms. Thomas also fails to show she exhausted the administrative remedies set forth in that section.

futile, dismisses this claim without leave to amend.

### 2. The Court Dismisses the Title VII Claim With Leave to Amend.

When she filed her FAC, Ms. Thomas added a claim for alleged violations of Title VII of the Civil Rights Act of 1964 based on racial harassment and discrimination and based on retaliation.[3] PGE moves to dismiss this claim on the basis that it is time barred. A plaintiff seeking to bring a civil action for employment discrimination pursuant to Title VII must file a complaint within 90 days of receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e(f)(1); *see also Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992). "The Ninth Circuit applies a rebuttable presumption that an individual received an EEOC right-to-sue notice three days after it was mailed." *Abikar v. Bristol Bay Native Corp.*, 300 F. Supp. 3d 1092, 1100 (S.D. Cal. 2018) (citing *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1125-26 (9th Cir. 2007)). The ninety day period operates as a statute of limitations and is subject to the doctrine of equitable tolling. *Scholar*, 963 F.2d at 267. In addition, the "relation back" doctrine may apply to save otherwise untimely claims. *See Abikar*, 300 F. Supp. 3d at 1101 (citing cases).

The right to sue letter Ms. Thomas received from the EEOC is dated November 23, 2022. (Dkt. No. 1, Complaint at ECF 22-23.) If the Court applies the rebuttable presumption that Ms. Thomas received that letter by November 26, 2022, Ms. Thomas would have been required to commence her Title VII claim by February 24, 2023. Ms. Thomas filed her original complaint on January 5, 2023 but did not include the Title VII claim until she filed the FAC on April 27, 2023.

Ms. Thomas does not include any factual allegations to show that the 90 day deadline should be tolled. However, the majority of the allegations in the FAC are the same allegations in the original complaint, which suggest it is possible that the amendment could relate back to the

---

[3] Ms. Thomas does not state her race or ethnicity but makes references to "the color of her skin" and "Karen behavior." (FAC ¶¶ 22, 32, 53.) In addition, the attachments to her initial complaint include a reference to "racist" comments. (Compl. at ECF 43.) Because Ms. Thomas also asserts that women were treated more favorably than she was, when the Court construes Ms. Thomas' allegations liberally, she appears to assert that PGE discriminated against her on the basis of race. That conclusion is supported by her opposition brief, where she refers to racial bias and discrimination. (Opp. at 6:24-25.)

date of the original complaint. *See* Fed. R. Civ. P. 15(c) ("An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").

There is not sufficient information in the record to determine whether the allegations in her EEOC complaint are "like or reasonably related" to her allegations in the FAC. Accordingly, the Court GRANTS the motion to dismiss the Title VII claim. Because the Court cannot say it would be futile, the Court will grant Ms. Thomas one final opportunity to amend this claim. If Ms. Thomas chooses to amend, she shall specify the protected class to which she belongs and specify the adverse actions that PGE allegedly took against her because of her membership in that protected class.

**C.     The Court Dismisses the State Law Claims With Leave to Amend, in Part.**

Ms. Thomas also asserts state law claims against PGE for: (1) a violation of California Labor Code section 1102.5 based on retaliation; (2) wrongful termination in violation of public policy; (3) alleged violations of California's Unfair Competition Law, Business and Professions Code sections 17200, *et seq.* (the "UCL Claim"); (4) breach of the implied covenant of good faith and fair dealing; (5) breach of a union contract; (6) intentional infliction of emotional distress; (7) defamation; and (8) declaratory relief.

The Court GRANTS PGE's motion to dismiss Ms. Thomas's claims for breach of the implied covenant of good faith and fair dealing and breach of union contract on the basis that they are preempted by Section 301 of the LMRA. Because the Court determines it would be futile, the Court dismisses those claims without leave to amend. The Court also dismisses the claim for retaliation in violation of Section 1102.5 to the extent it relates to complaints about overtime on the basis that it is preempted under Section 301 of the LMRA.

To the extent the claim for violations of Section 1102.5 is not preempted, the Court still GRANTS the motion because even when it construes Ms. Thomas's allegations liberally, she does not address what local, state, or federal rule or regulation PGE employees allegedly violated. (FAC ¶¶ 9-10.) The Court will grant Ms. Thomas one final opportunity to amend this aspect of

5

her claim.

Because Ms. Thomas' claims for wrongful termination and violations of the UCL are derivative of her first three claims for relief, the Court dismisses those claims. Because the Court cannot say it would be futile, it will grant her a final opportunity to amend these claims in accordance with the terms set forth above regarding her Title VII Claim and the claim for alleged violations of Section 1102.5.

Finally, the Court GRANTS Defendants' motion to dismiss her claims for defamation intentional infliction of emotional distress, and declaratory relief because the allegations in the FAC are insufficient to state these claims. Because the Court cannot say it would be futile, the Court will grant Ms. Thomas one final opportunity to amend those three claims.

If Ms. Thomas chooses to file a second amended complaint, she shall do so by no later than September 29, 2023, and PGE shall answer or otherwise respond within the time permitted by the Federal Rules of Civil Procedure. If Ms. Thomas fails to file a second amended complaint by September 29, 2023, the Court will dismiss the case without further notice.

The Court advises Ms. Thomas that the Court's website contains other helpful information about how to proceed without a lawyer (https://www.cand.uscourts.gov/pro-se-litigants). In addition, Ms. Thomas may wish to contact the Volunteer Legal Help Center by emailing fedpro@sfbar.org or by calling the appointment line at (415) 782-8982. The attorney at the Legal Help Center can provide information, advice, and basic legal help but cannot represent litigants as their lawyer.

**IT IS SO ORDERED**.

Dated: September 6, 2023

JEFFREY S. WHITE
United States District Judge