UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Defendant. | Case No. 23-cv-00065-JSW<br><br>**ORDER DENYING MOTION TO VACATE AND GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT AND ENTERING JUDGMENT**<br><br>Re: Dkt. Nos. 30-31 |

This matter comes before the Court upon consideration of what the Court has construed as Plaintiff's motion to vacate pursuant to Federal Rule of Civil Procedure 60. Also before the Court is Defendant's motion for entry of Judgment pursuant to Federal Rule of Civil Procedure 58(d). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it concludes oral argument is not necessary. *See* N.D. Civ. L.R. 7-1(b).

On January 5, 2023, Plaintiff filed the original complaint. On April 7, 2023, Defendant filed a motion to dismiss. Under the Northern District Civil Local Rules, Plaintiff's opposition would have been due on April 21, 2023.[1] On April 25, 2023, Defendant filed a reply, which noted that Plaintiff had not filed an opposition and had not contacted Defendant to request an extension. On April 27, 2023, Plaintiff filed an amended complaint, which was dated April 25, 2023.

Although Plaintiff's amended complaint was late, the Court denied Defendant's motion to dismiss without prejudice. It also advised Plaintiff that "[s]hould Defendant file a motion to dismiss the First Amended Complaint, Plaintiff is admonished that any opposition to that motion shall be filed within 21 days of receipt of the motion. Any reply shall be filed within 14 days of

---

[1] Federal Rule of Civil Procedure 6(d) does not apply to extend the deadline. *See* N.D. Civ. L.R. 7-3(a).

1  receipt of the opposition." (Dkt. No. 19, Order Denying Motion to Dismiss Without Prejudice at
2  1:22-24.)
3        On May 8, 2023, Defendant moved to dismiss Plaintiff's amended complaint. On the date
4  her opposition was due, Plaintiff moved for an extension of time to oppose. Plaintiff stated she
5  had been out of the country and needed time to review and respond. On May 30, 2023, Plaintiff
6  filed her opposition. Defendant did not oppose the request for an extension of time, and the Court
7  granted Plaintiff's motion for an extension.
8        On September 6, 2023, the Court granted Defendant's motion to dismiss and gave Plaintiff
9  until September 29, 2023 to file an amended complaint. Plaintiff did not meet that deadline, and
10 on October 4, 2023, Defendant asked the Court to dismiss the case with prejudice. The Court
11 granted that request in part and dismissed the case without prejudice and directed the Clerk to
12 close the file. On October 10, 2023, Plaintiff filed her motion to vacate with a proposed amended
13 complaint. On that same date, Defendant filed a motion for entry of judgment.
14       Under Rule 60(b), a court may relieve a party from a final judgment for, *inter alia,*
15 mistake, inadvertence, surprise, or excusable neglect or any other reason that justifies relief. Fed.
16 R. Civ. P. 60(b)(1), (6). Plaintiff asks for an extension due to "excusable neglect." By using the
17 term neglect, "Congress plainly contemplated that the courts would be permitted, where
18 appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by
19 intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick*
20 *Assocs. Ltd. P'ship*, 507 U.S. 380, 398 (1993) ("*Pioneer*"). In order to determine whether
21 "neglect" is "excusable," the Supreme Court set forth factors that a court may consider, including:
22 "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact
23 on judicial proceedings, the reason for the delay, including whether it was within the reasonable
24 control of the movant, and whether the movant acted in good faith." *Id.*
25       Plaintiff stated that she had been under medical care for an acute illness that had an
26 impending surgery but included a doctor's note that stated she had a sinus infection, which
27 prevented her from meeting the Court's deadline. But, Plaintiff also asserts she *had* completed the
28 amended complaint on September 29, 2023. Plaintiff states she could not file it due to illness but

United States District Court
Northern District of California

also suggests she tried to file it and had difficulty with the electronic filing system but does not explain why she could not mail it on that date.

In light of Plaintiff's previous failures to comply with Court deadlines and her failure to explain why she made no effort to contact Defendant to raise the issues or to serve the amended complaint by mail, the Court concludes the *Pioneer* factors do not weigh in her favor. Accordingly, the Court DENIES the motion to vacate.

Defendant asks the Court to enter judgment pursuant to Rule 58(d), which states that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." That request is GRANTED, and this Order shall constitute the judgment.

**IT IS SO ORDERED**.

Dated: November 9, 2023

_____
JEFFREY S. WHITE
United States District Judge